The Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOWARD McCAY,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE POLICE OFFICERS JEREMY BOHANNON, JOSHUA BRILLA, WALKER DICKSON, DORIAN KORIEO, AIMEE LACLAIRE, SCOTT LAPIERRE, GERARDO MORENO, BRENDAN SULLIVAN, and ROXANNE ZECH, individuals, and CITY OF SEATTLE, a municipal corporation,<br><br>Defendants. | No. 2:20-CV-01212-MAT<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT |

The City of Seattle, and Seattle Police Department ("SPD") Officers Jeremy Bohannon, Joshua Brilla, Walker Dickson, Dorian Korieo, Aimee LaClaire, Scott Lapierre, Gerardo Moreno, Brendan Sullivan, and Roxanne Zech (collectively "Defendants") answer each of the numbered paragraphs of Plaintiff's Amended Complaint as follows:

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## I. INTRODUCTION

1.1 Defendants DENY the allegations of this paragraph.

1.2 Defendants DENY the allegations of this paragraph.

1.3 Defendants ADMIT on February 23, 2019, at approximately 5:30 p.m., a caller phoned the non-emergency phone line regarding the house located at 337 17th Ave, Seattle, WA 98122. Defendants DENY the remaining allegations as phrased in this paragraph.

1.4 Defendants ADMIT at approximately 6:22 p.m., three Seattle Police Department officers responded to the home to investigate. One officer said, "I mean, I wonder if the door just flew open." Defendants DENY the remaining allegations of this paragraph.

1.5 Defendants ADMIT a fourth officer arrived a few minutes later. Officers discussed their plan for entering the house. Defendants DENY the remaining allegations of this paragraph as phrased.

1.6 Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore DENY them.

1.7 Defendants ADMIT dispatch received a call from an individual identifying himself as Howard McCay reporting a possible home invasion. The caller asked the 911 operator to "verify that you sent someone for me?" The 911 operator confirmed police were in his home and asked if he would cooperate. The caller responded "Sure. Of course, I will. Can you tell them to put their guns away and not be so threatening?" Defendants DENY all remaining allegations of this paragraph as phrased.

1.8 Defendants ADMIT dispatch told officers someone was inside the home and on the phone with 911 while officers were on the stairs. An officer told dispatch to tell the individual to come out of the room with their hands up so they could see them, and Mr. McCay exited

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

the room holding a phone in his hand. Defendants DENY all remaining allegations of this paragraph as phrased.

1.9 Defendants ADMIT officers instructed Mr. McCay, "Show us your hands, sir." Defendants DENY all remaining allegations of this paragraph as phrased.

1.10 Defendants DENY the allegations of this paragraph as phrased.

1.11 Defendants DENY the allegations of this paragraph.

1.12 Defendants ADMIT Mr. McCay told officers, "It hurts. Please, please leave me alone. It hurts too much." Defendants DENY the remaining allegations of this paragraph as phrased.

1.13 Defendants ADMIT an officer asked Mr. McCay, "Is anybody here with you sir?" Mr. McCay replied, "I don't know who else is here." An officer asked, "Were you here by yourself?" Mr. McCay replied, "As far as I know." Defendants DENY the remaining allegations of this paragraph as phrased.

1.14 Defendants ADMIT Mr. McCay said, "My shoulders can't take this position. Please release me. Please release me. Please release me. I'm in so much pain." An officer responded, "Well, you've got to let us figure out what's going on first." Defendants DENY the remaining allegations of this paragraph.

1.15 Defendants ADMIT additional officers arrived. An officer instructed Mr. McCay to stand up. Defendants DENY all the remaining allegations of this paragraph as phrased.

1.16 Defendant's ADMIT an officer told Mr. McCay "Use your legs to move." Defendants DENY the remaining allegations of this paragraph.



**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1.17 Defendants ADMIT additional officers arrived. Officers assisted Mr. McCay down the stairs and outside to the porch. Defendants DENY the remaining allegations of this paragraph.

1.18 Defendants ADMIT Mr. McCay remained in handcuffs while officers finished clearing the house and confirmed Mr. McCay's identity and residence. Defendants DENY the remaining allegations of this paragraph as phrased.

1.19 Defendants DENY the allegations of this paragraph.

1.20 Defendants ADMIT that Plaintiff has filed the present action seeking damages for alleged violations of his civil and constitutional rights. Defendants DENY the remaining allegations of this paragraph.

## II. PARTIES

2.1 Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore DENY them.

2.2 Defendants ADMIT that Jeremy Bohannon was a law enforcement officer for the Seattle Police Department (SPD), and that he was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.3 Defendants ADMIT that Joshua Brilla was a law enforcement officer for the Seattle Police Department (SPD), and that he was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.4 Defendants ADMIT that Walker Dickson was a law enforcement officer for the Seattle Police Department (SPD), and that he was assigned to perform duties for SPD in the State

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.5 Defendants ADMIT that Dorian Korieo was a law enforcement officer for the Seattle Police Department (SPD), and that he was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.6 Defendants ADMIT that Aimee LaClaire was a law enforcement officer for the Seattle Police Department (SPD), and that she was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.7 Defendants ADMIT that Scott Lapierre was a law enforcement officer for the Seattle Police Department (SPD), and that he was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.8 Defendants ADMIT that Gerardo Moreno was a law enforcement officer for the Seattle Police Department (SPD), and that he was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.9 Defendants ADMIT that Brendan Sullivan was a law enforcement officer for the Seattle Police Department (SPD), and that he was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

2.10 Defendants ADMIT that Roxanne Zech was a law enforcement officer for the Seattle Police Department (SPD), and that she was assigned to perform duties for SPD in the State of Washington. The rest of this paragraph contains legal conclusions to which no response is required.

2.11 Defendants ADMIT that the City of Seattle is a municipal corporation formed under the laws of the State of Washington.

## III. JURISDICTION AND VENUE

3.1 This paragraph consists only of legal conclusions to which no response is necessary. To the extent an answer is required, Defendants ADMIT jurisdiction is proper.

3.2 Defendants ADMIT that venue is proper. The rest of this paragraph contains legal conclusions to which no response is required.

## IV. FACTUAL ALLEGATIONS

4.1 Defendants DENY the allegations of this paragraph.

4.2 Defendants ADMIT the allegations of this paragraph.

4.3 Defendants ADMIT dispatch asked for the house's address twice and Mr. Beaver gave dispatch the address 337 17th Avenue. Defendants DENY the remaining allegations of this paragraph.

4.4 Defendants ADMIT the allegations of this paragraph.

4.5 Defendants ADMIT the allegations of this paragraph.

4.6 Defendants ADMIT the allegations of this paragraph.

4.7 Defendants ADMIT the allegations of this paragraph.

4.8 Defendants ADMIT officers observed the home was surrounded by a wooden fence. Defendants ADMIT officers opened the gate and entered the home's front yard.

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

      Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore DENY them.

4.9 Defendants ADMIT all three officers walked toward the porch and stood outside the open doorway. Defendants DENY the remaining allegations of this paragraph.

4.10 Defendants ADMIT the allegations of this paragraph but DENY that this paragraph consists of all noted observations.

4.11 Defendants ADMIT Officer Korieo arrived to provide additional support and DENY the remaining allegations of this paragraph as phrased.

4.12 Defendants ADMIT Officer Bohannon knocked on the open door and announced, "Seattle Police Department conducting a building search. If you're in there, come out with your hands up. Make yourself known." The officers waited and received no response. Officer Bohannon repeated his knock and announce. Defendants DENY the remaining allegations of this paragraph as phrased.

4.13 Defendants ADMIT officers entered the home with their guns removed from their holsters. Defendants ADMIT officers announced, "Seattle Police, get down," as they entered and proceeded to clear the rooms on the first floor. Defendants DENY the remaining allegations of this paragraph as phrased.

4.14 Defendants ADMIT the allegations of this paragraph.

4.15 Defendants ADMIT Mr. McCay called 911 and reported, "I'm suffering a home invasion., there's a person yelling at my door, come out with your hands up." Defendants DENY the remaining allegations of this paragraph as phrased.

4.16 Defendants ADMIT as the officers approached the second floor, Officer Dickson told the other officers, "hey, stop, stop, stop, stop," as dispatch informed Officer Dickson that

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

someone was inside the home on the phone with 911. Defendants DENY the remaining allegations of this paragraph as phrased.

4.17 Defendants ADMIT Mr. McCay exited the room holding his cellphone and officers told Mr. McCay to "show us your hands." Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore DENY them.

4.18 Defendants ADMIT Officer Dickson instructed Mr. McCay out of the room. Defendants DENY the remaining allegations of this paragraph as phrased.

4.19 Defendants ADMIT officers attempted to handcuff Mr. McCay, and Officer Brilla said, "hey hey hey, don't stiffen up, sir." Defendants DENY the remaining allegations of this paragraph as phrased.

4.20 Defendants ADMIT Mr. McCay fell over during handcuffing. Defendants DENY the remaining allegations of this paragraph.

4.21 Defendants ADMIT officers secured the handcuffs and Mr. McCay complained of pain. Defendants DENY the remaining allegations in this paragraph.

4.22 Defendants ADMIT Officer Brilla asked Mr. McCay, "Is anybody here with you sir?" and Mr. McCay replied, "I don't know who else is here." Defendants ADMIT that Officers inquired if Mr. McCay had any weapons. Defendants DENY the remaining allegations of this paragraph.

4.23 Defendants ADMIT Officer Brilla asked Mr. McCay if this was his house and he responded in the affirmative. Defendants DENY the remaining allegations of this paragraph as phrased.

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

4.24 Defendants ADMIT Officer Dickson asked Mr. McCay why he did not come downstairs when the officers first announced themselves, and Mr. McCay responded, "I was scared. I didn't know who you were." Defendants DENY the remaining allegations of this paragraph as phrased.

4.25 Defendants ADMIT Mr. McCay complained of pain to his shoulders. Defendants DENY the remaining allegations of this paragraph.

4.26 Defendants ADMIT Officer Brilla asked Mr. McCay if others lived in the home. Mr. McCay asked to be released and Officer Brilla replied, "Sir, as soon as we can identify you, and figure out what's happening, and what's going on here in this house." Defendants DENY the remaining allegations of this paragraph as phrased.

4.27 Defendants ADMIT the allegations of this paragraph.

4.28 Defendants ADMIT officers instructed Mr. McCay to stand up. Mr. McCay told officers, "Lift me if you must." Officer Lapierre responded, "No, you need to get yourself up." Defendants DENY all the remaining allegations of this paragraph as phrased.

4.29 Defendants ADMIT Mr. McCay did not remain standing requiring Officer Zech to step over him to assist in clearing the second floor. Defendants DENY the remaining allegations of this paragraph.

4.30 Defendants ADMIT two Seattle Police Officers Gerardo Moreno and Brendan Sullivan arrived at the residence with their body cameras activated and recording. Defendants DENY the remaining allegations in this paragraph.

4.31 Defendants ADMIT Officer Sullivan said, "Listen to what I'm saying. You need to stand up, and we're going to walk you outside the house. But you got to get up first." Defendants DENY the remaining allegations of this paragraph as phrased.



**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

4.32 Defendants ADMIT Officers Sullivan and Moreno took Mr. McCay to the front porch. Mr. McCay was kept handcuffed while Officers checked his driver's license. Defendants DENY the remaining allegations in this paragraph.

4.33 Defendants ADMIT the allegations of this paragraph.

4.34 Defendants ADMIT Officer Brilla removed Mr. McCay's handcuffs and DENY all remaining allegations in the paragraph.

4.35 Defendants ADMIT Officer Dickson discussed the reason for the entry with fellow officers. Defendants DENY the remaining allegations of this paragraph as phrased.

4.36 Defendants ADMIT Officer Dickson asked Mr. McCay for his phone number. Mr. McCay supplied his phone number and said, "If you ever come again, would you just call me? Defendants DENY all remaining allegations of this paragraph as phrased.

4.37 Defendants ADMIT Mr. McCay responded "I did not say that. I did not say that….I said I didn't know who you were. It doesn't mean that you didn't announce yourself. I said I didn't know who you were. Anyone could say that…Anybody can say they're police. Defendants DENY the remaining allegations of this paragraph as phrased.

4.38 Defendants ADMIT Sergeant Mary Lynne Woolum responded to the scene as the "screening sergeant," to document the use of force. Defendants aver that the discussion was recorded on officer-worn video and that the recording speaks for itself. Defendants DENY the remaining allegations of this paragraph as phrased.

4.39 Defendants ADMIT that Officer Dickson and Sergeant Mary Lynne Woolum spoke to Mr. McCay. Defendants aver that the discussion was recorded on officer-worn video and that the recording speaks for itself. Otherwise, Defendants DENY the allegations of this paragraph.

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

4.40 Defendants ADMIT the allegations of this paragraph.

4.41 Defendants ADMIT that Mr. McCay complained about the use of force. Defendants ADMIT that the use of force was investigated and was determined to be lawful and proper. Otherwise, Defendants DENY the allegations of this paragraph.

4.42 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

4.43 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

4.44 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

4.45 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

4.46 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

4.47 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

4.48 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations contained in this Paragraph.

4.49 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

4.50 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations as phrased.

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

4.51 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations contained in this Paragraph.

4.52 Defendants DENY the allegations of this paragraph.

4.53 The allegation regarding the use of force consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations contained in this Paragraph.

4.54 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations contained in this Paragraph.

4.55 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations contained in this Paragraph.

## V. CAUSES OF ACTION

5.1 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations contained in this Paragraph.

5.2 This paragraph consists only of legal conclusions to which no response is necessary. To the extent a response is required, Defendants DENY the allegations contained in this Paragraph.

## VI. REQUEST FOR RELIEF

6.1 Plaintiffs' request for relief is a prayer for relief which requires no response. The Defendants DENY that Plaintiff is entitled to the relief set forth in this section.

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

6.2 The Defendants DENY that Plaintiff is entitled to the relief set forth in this section.

6.3 Defendants DENY that Plaintiff is entitled to the relief set forth in this paragraph.

6.4 Defendants DENY that Plaintiff is entitled to the relief set forth in this paragraph.

6.5 Defendants DENY that Plaintiff is entitled to the relief set forth in this paragraph.

6.6 Defendants DENY that Plaintiff is entitled to the relief set forth in this paragraph.

6.7 Defendants DENY that Plaintiff is entitled to the relief set forth in this paragraph.

6.8 Defendants DENY that Plaintiff is entitled to the relief set forth in this paragraph.

6.9 Defendants DENY that Plaintiff is entitled to the relief set forth in this paragraph.

## VII. THE DEFENDANTS' AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.
2. The City, a municipal corporation, and its agencies, are immune from liability for prejudgment interest on tort judgments and are immune from punitive damages.
3. Defendants have not violated any rights, privileges or immunities under the Constitution or law of the United States or the State of Washington, or any political subdivision.
4. Plaintiff's claims may be barred, in whole or in part, by governmental immunity.
5. Defendant Officers are entitled to qualified immunity.
6. The actions of Defendant Officers were reasonable, justified and supported by probable cause.
7. Any damages suffered by Plaintiff was caused in whole or in part by his own conduct or fault.
8. If Plaintiff incurred any damages, he failed to mitigate the same.
9. Defendants reserve the right to amend this answer to assert additional affirmative defenses, counterclaims, or cross-claims as may be appropriate based upon future discovery. Nothing contained in this Answer should be construed as a waiver of any such additional defenses.

WHEREFORE, Defendants respectfully request that Plaintiff's Amended Complaint be

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

dismissed with prejudice, that they be awarded costs and reasonable attorneys' fee herein, and that they be granted such other and further relief as the Court finds just and equitable.

DATED this 4th day of February, 2021.

PETER S. HOLMES
Seattle City Attorney

By: *s/ Erika J. Evans*
Erika Evans, WSBA# 51159
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone: (206) 684-8200
E-Mail: Erika.Evans@seattle.gov

*Attorney for Defendants*

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT
(2:20-CV-01212-MAT) - 14

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200